IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                Case No. 16-cv-428-bbc

BRYAN M. MAAS, and
BARRY HAGER, CUMBERLAND
FAMILY DENTAL, S.C., KRINGLES
CUSTOM COMBINING, LLC,
LAKELAND COOPERATIVE,
TRACTOR CENTRAL, LLC,

        Defendants.

---

## JUDGMENT OF FORECLOSURE AND SALE

Defendants, Bryan M. Maas, Barry Hager, Cumberland Family Dental, S.C., Kringles Custom Combining, LLC, Lakeland Cooperative, and Tractor Central, LLC, having failed to appear, plead, or otherwise defend in this action, and default having been entered on August 26, 2016, and counsel for Plaintiff United States of America having requested judgment against the defaulted Defendants and having filed a proper motion and declarations in accordance with Fed. R. Civ. P. 55(a) and (b);

Judgment is hereby entered in favor of Plaintiff and against Defendants as follows:

### Real Estate

1.     There is now due and owing to Plaintiff as of and including September 28, 2016, the following sum: *See* Attachment A.

2.  Plaintiff is entitled to Judgment of Foreclosure and Sale in the usual form on the mortgaged premises, located in Barron County, Wisconsin, and described more specifically as:

> The Southwest Quarter of the Southeast Quarter of Section 36, Township 35 North, Range 13 West (in the Town of Cumberland) Barron County, Wisconsin, except Lot 1 of Certified Survey Map No. 5830, Volume 39, Page 90.

3.  The mortgaged premises shall be sold as a whole at public auction in the County of Barron, State of Wisconsin, by or under the direction of the United States Marshal for the Western District of Wisconsin.

4.  The Defendants, their heirs, successors and assigns, and all persons claiming under them or either of them after the filing of notice of the pendency of this action, be forever barred and foreclosed of all right, title, interest, and equity of redemption in said mortgaged premises.

5.  In case of sale pursuant hereto:

    a)  the United States Marshal shall give public notice of the time and place of the sale as required by law, and that notice of the sale be published in <u>Barron News-Shield</u>, a newspaper published in the City of Barron, Barron County, Wisconsin;

    b)  the United States Marshal shall allow any of the parties to this action to purchase at the sale the above-described premises;

    c)  the United States Marshal shall file with the Clerk of this Court his report of the sale, and shall also immediately after the sale deposit the proceeds

thereof, after deducting the costs and expenses of the sale unless otherwise ordered by the Court;

  d) the United States Marshal may accept from the purchaser at such sale, as a deposit or down payment upon the same, not less than ten percent (10%) of the purchase price, in which case such amount shall be deposited as above provided, and the balance of the sale price shall be paid to the United States Marshals' Service by the purchaser at the sale, within thirty (30) days of the date of sale, except that if Plaintiff is the successful bidder at the sale, the United States Marshal may take the receipt of Plaintiff in lieu of cash payment;

  e) the United Marshal, upon compliance on the part of the purchaser with the terms of the sale as required by law, and upon confirmation of the sale by the Court, shall make and execute to the purchaser a deed to the premises so sold, as above described, stating the price paid therefor;

  f) the United States Marshal shall deliver the deed to the purchaser, upon compliance by the purchaser with the terms of the sale, and the payment by him of any balance of the sale price to be paid, and upon confirmation of the sale by the Court;

  g) the United States Marshal shall thereupon pay from the proceeds of the sale all claims superior to Plaintiff as determined by the Court, and to Plaintiff, the amount of said judgment, together with interest from the date of judgment on all of said sums, as set forth in 28 U.S.C. § 1961(a), from the date

hereof, or so much thereof as the monies derived from the sale of the premises will pay the same, and take receipts therefor; and

    h)    the surplus money, if any, shall be subject to the further order of the Court.

6.    If the proceeds of such sale be insufficient to pay the amounts aforesaid, the United States Marshal shall specify the amount of the deficiency in his report of sale. Deficiency judgment is not being sought herein.

7.    Upon confirmation of sale of the mortgaged premises:

    a)    the purchaser or purchasers, or his or their heirs, representatives or assigns, be let into possession of the premises sold, upon production of the Marshal's deed thereto or duly authenticated copy thereof;

    b)    any of the parties to this action who may be in possession of the premises, and every other person who since the filing of notice of the pendency of this action has come into possession of the same or any part thereof under them or either of them shall deliver to such grantee or grantees named in the deed possession of the mortgaged premises, and

    c)    a writ of assistance shall issue if necessary to secure such possession.

8.    Plaintiff may pay any taxes or insurance premiums on the mortgaged premises now due or which shall hereafter become due before the sale thereof and have a lien on the premises for the amount so paid with interest as set forth in 28 U.S.C. § 1961(a); and that in the event any such payments are made, Plaintiff may obtain an

order at the foot of this judgment directing that the amounts so paid, with interest, be likewise paid from the proceeds of the sale or redemption of the mortgaged premises.

9. Defendants and all persons claiming under them be and they are hereby enjoined from committing waste upon the mortgaged premises and from doing any other act that may impair the value of the same.

## Chattel

10. There is now due and owing to Plaintiff as of and including September 28, 2016, the following sums: *See* Attachment A.

11. Plaintiff is entitled to immediate possession of the items of security on which the Farm Service Agency has a first security interest, as set forth in Attachment B.

12. Plaintiff may exercise its right to have execution issued and require the United States Marshal to take possession of the items of security listed in Attachment B, and deliver the items of security to Plaintiff, and a writ of execution shall issue if necessary to secure such possession.

13. These items of security, described in Attachment B, may be sold individually or as a whole at public sale or private sale by or under the direction of the United States Marshal or the Farm Service Agency.

14. If these items of security, described in Attachment B, are sold, the United States shall deposit the proceeds thereof, after deducting the costs and expenses of the sale, and unless otherwise ordered by the Court, the United States shall thereupon pay from the proceeds of the sale all claims superior to Plaintiff as determined by the Court and to Plaintiff the sums set forth in Attachment A, the amount of the judgment,

together with interest on all sums at the rate set forth in 28 U.S.C. § 1961(a) from the date of the Judgment, or so much thereof as the monies derived from the sale of the items of security will pay, and take receipts therefor; that the surplus money, if any, shall be subject to further order of the Court.

15. If the proceeds from the sale of the items of security, together with the proceeds from the sale of the real estate, are insufficient to pay the amounts set forth above, then the United States may report the amount of the deficiency to the Court. Deficiency judgment is not being sought in this action.

16. Defendants and each of them, their heirs, successors and assigns; and all persons claiming under them or either of them, be forever barred and foreclosed of all right, title, interest, and equity of redemption in said mortgaged collateral.

17. Defendants and all persons claiming under them or either of them, are hereby enjoined from doing any act that may impair the value of the mortgaged collateral.

Dated this 28th day of September, 2016.

BY THE COURT:

*Barbara B. Crabb*
BARBARA B. CRABB
United States District Judge
Western District of Wisconsin

Entered at Madison, Wisconsin, this 28th day of Sept, 2016.

*Peter Oppeneer*
PETER OPPENEER
Clerk of Court
United States District Court

*United States v. Bryan M. Maas, et al.*

Case No. 16-cv-428-bbc

ATTACHMENT A

## Notes and Mortgages

| | | |
|---|---|---|
| a. | Principal as of September 28, 2016 | $ 65,451.05 |
| b. | Interest as of September 28, 2016 | $ 8,337.14 |
| | Total as of September 28, 2016 | $ 73,788.19 |

## Costs and Disbursements

| | | |
|---|---|---|
| c. | Filing of Notice of Lis Pendens | $ 35.00 |
| | Total Costs & Disbursements | $ 35.00 |

**TOTAL AS OF SEPTEMBER 28, 2016**    **$ 73,823.19**

ATTACHMENT B
UNITED STATES OF AMERICA V. BRYAN M. MAAS, et al.
Case Number 16-cv-428-bbc

LIST OF ITEMS OF SECURITY

A. All crops, annual and perennial, and other plant or farm products now planted, growing or grown, or harvested or which were planted by Bryan M. Maas in Barron County, Wisconsin, after the Security Agreement was dated on January 1, 2009, or otherwise become growing or harvested crops or other plant products (1) within the one-year period or any longer period of years permissible under State law, or (2) at any time after the Security Agreement was dated on January 1, 2009, if no fixed maximum period is prescribed by State law, including crops and plant products now planted, to be planted or harvested by Bryan M. Maas in Barron County, Wisconsin.

B. All farm and other equipment (except small tools and small equipment such as hand tools, power lawn mowers and other items of like type unless described below), and inventory, now owned or hereafter acquired by Defendant Bryan M. Maas, together with all replacements, substitutions, additions, and accessions thereto, including but not limited to the following:

| ITEM NO. | QTY | DESCRIPTION | MANUFACTURER | SIZE AND TYPE | SERIAL OR MODEL NO. |
|---|---|---|---|---|---|
| 1 | 1 | Tractor | John Deere | 2750 | 690849 |
| 2 | 1 | Tractor | IH | 450 | 6611 |
| 3 | 1 | Skidsteer | Case | 40XT | JAF0389544 |
| 4 | 1 | Grain Drill | John Deere | 8 Foot | |
| 5 | 1 | Cultipacker | Western | 8 Foot | |
| 6 | 1 | Hay Tedder | H&S | 7 Foot | 2147 |
| 7 | 1 | Hay Rake | John Deere | 660 | 611981 |
| 8 | 1 | Plow | IH | 540 4x16 | |
| 9 | 2 | Gravity Box | Bradford/Farm and Fleet | 160 BU | |
| 10 | 1 | Field Cultivator | IH | | |
| 11 | 1 | Elevator | Kewaunee | 52' | 102013 |
| 12 | 1 | Haybine | John Deere | 820 | 976071 |
| 13 | 1 | H&S 20' Feeder Wagon | H&S | 20' | 49927 |
| 14 | 1 | Feeder Wagon | H&S | 20' | 604618 |

| 15 | 1 | Cattle Trailer | H&S | 12 | |
| 16 | 1 | Cultivator | IH | 4 Row | |
| 17 | 1 | Corn Picker | New Idea | 2 Row | |

C. All livestock (except livestock and poultry kept primarily for subsistence purposes), fish, bees, birds, furbearing animals, other animals produced or used for commercial purposes, other farm products, and supplies, now owned or hereafter acquired by Defendant Bryan M. Maas, together with all increases, replacements, substitutions, and additions thereto, including but not limited to the following:

| ITEM NO. | QTY | DESCRIPTION | BREED | COLOR |
|---|---|---|---|---|
| 1 | 10 | Dairy Cattle – Calves – Heifers | | |
| 2 | 6 | Dairy Cattle – Brdg. – Heifers – Open – Long Yearling | | |
| 3 | 20 | Cattle – Brdg. – Cows | Holstein | Black and White |
| 4 | 12 | Dairy Cattle – Brdg. – Heifers – Open | Holstein | Black and White |
| 5 | 12 | Dairy Cattle – Brdg. - Heif | Holstein | Black and White |